```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
KASHON K. SQUIRE,

                  Plaintiff,
                                          MEMORANDUM & ORDER
         -against-                        23-CV-2401(JS)(ST)
                                          ("Squire I")
SUFFOLK 1ST PRESENT [SIC] POLICE,
DULE LATIFE,

                  Defendants.
--------------------------------------X
KASHON K. SQUIRE,

                  Plaintiff,

         -against-                        23-CV-2402(JS)(ST)
                                          ("Squire II")
RAYMOND NEW, MATHEW CORR,

                  Defendants.
--------------------------------------X
KASHON K. SQUIRE,

                  Plaintiff,

         -against-                        23-CV-2491(JS)(ST)
                                          ("Squire III")
SHAQUAISUR BROOKS, SUFFOLK POLICE 1ST
PRESENT [SIC], PATHWAYS TO REABILATIONS
[SIC], SUFFOLK COUNTY, NEW YORK STATE,

                  Defendants.
--------------------------------------X
APPEARANCES
For Plaintiff:    Kashon K. Squire, pro se
                  23-B-0588
                  Mid-State Correctional Facility
                  P.O. Box 2500
                  Marcy, New York  13403

For Defendants:   No appearances.
```

SEYBERT, District Judge:

Presently before the Court are the applications to proceed in forma pauperis ("IFP") filed by incarcerated pro se plaintiff Kashon K. Squire ("Plaintiff") in the above-captioned cases. (IFP Apps., ECF No. 2, in each case.) For the reasons that follow, Plaintiff's IFP applications are GRANTED; however, each Complaint is DISMISSED for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## BACKGROUND

Plaintiff is no stranger to this Court. Prior to filing the present three Complaints, Plaintiff had six previous in forma pauperis complaints dismissed by this Court for failure to prosecute.[1] Each of the present Complaints is sparse and is

---

[1] See:
  (a) Squire v. Brooks, et al., No. 20-CV-3641(JS)(ST), Order (E.D.N.Y. Oct. 27, 2020) (dismissed case without prejudice pursuant to Fed. R. Civ. P. 41(b));
  (b) Squire v. Brooks, et al., No. 20-CV-4122(JS)(ST), Order (E.D.N.Y. Nov. 17, 2020) (dismissed case without prejudice pursuant to Fed. R. Civ. P. 41(b));
  (c) Squire v. 1st Present [sic] Police, et al., No. 20-CV-4300(JS)(ST), Order (E.D.N.Y. Nov. 17, 2020) (dismissed case without prejudice pursuant to Fed. R. Civ. P. 41(b));
  (d) Squire v. Suffolk County, et al., No. 20-CV-4659(JS)(ST), Memo & Order (E.D.N.Y. Nov. 20, 2020) (dismissed case without prejudice pursuant to Fed. R. Civ. P. 41(b));
  (e) Squire v. State of NY, et al., No. 22-CV-5756(JS)(ST), Elec. Order (E.D.N.Y. Nov. 21, 2022) (dismissed case without prejudice pursuant to Fed. R. Civ. P. 41(b)); and
  (f) Squire v. Suffolk County, et al., No. 22-CV-7299(JS)(ST), Elec. Order (E.D.N.Y. Feb. 2, 2023) (dismissed case without prejudice pursuant to Fed. R. Civ. P. 41(b)), appeal dismissed, No. 23-0198 (2d Cir. Mar. 23, 2023) (see ECF

submitted on the Court's form complaint for civil rights actions under Section 1983.[2]

I. Complaint under Docket No. 23-CV-2401 ("*Squire I*")

This Complaint names the "Suffolk 1st Present Police", which the Court understands to be the Suffolk County Police Department's First Precinct ("First Precinct"), and Dule Latife ("Latife"). In its entirety, Plaintiff alleges that, in 2013, his

> home was shot 18 time then about a week later I was shot and told to die by the responding officers as well they told that they would not call medic and interfered with medical care for my injuries. I went to police in 2018 because I neve new the person name who shot me found out his name and they said they are not going to arrest him.

(*Squire I* Compl., ECF No. 1, at ¶ II.) In the space that calls for any injuries suffered, Plaintiff wrote: "shot and the bullets hit my lungs and it almost collapse and I have a bullet in my leg and a cut down my chest." (Id., ¶ II.A.) For relief, Plaintiff "would like the police that responded fired and my medical bills paid and $150,000 for damages to my body and pain and suffering. I'm trying to sue for failr to protect and failr to prosecute." (Id., ¶ III.)

---

No. 14 in E.D.N.Y. Case Docket).

[2] Excerpts from the Complaints are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

3

II. Complaint under Docket No. 23-CV-2402 ("*Squire II*")

This Complaint names as defendants Raymond New ("New"), who is identified as a staff member of the shelter located at 129 Clinton Avenue in Bay Shore, New York, and Police Officer Mathew Corr ("Officer Corr"); in said Complaint, Plaintiff alleges that, on August 18, 2022, he:

> was sleep in my bed on 8-18-22 at 8:39 AM when Raymond New came into my room wakeing me up to talk to me about calling police. He harassed me out of my sleep and I got up and closed my door and he clamed his hand got closed in the door but it didn't he called police and they tried to look me up but I felt I did nothing wrong due to the fact that he unlocked my door without knocking it was early and I was statled out of my sleep. Im being held and keep getting set up on charges. I'm being harassed there violating my 8th Amendment. When I get free ther starting something else to lock me up.

(Squire II Compl., ECF No. 1, at ¶ II.) Where prompted for a description of any injuries suffered, or medical treatment required, Plaintiff left the space blank. (Id., ¶ II.A.) The relief sought by Plaintiff via this Complaint is his release from custody and to "have charges droped." (Id., ¶ III.)

III. Complaint under Docket No. 23-CV-2491 ("*Squire III*")

Like Plaintiff's Squire I Complaint, this Complaint names the First Precinct, as well as adds Shaquaisur Brooks ("Brooks"), "Pathways to Reabilitations" ("Pathways"), Suffolk

4

County, and New York State as defendants. In its entirety, Plaintiff alleges that, "sometime in 2018" at 96 Ohio in Medford, New York:

> I Kashon Squire was living at 96 Ohio Medford Root 112 the people there had problems with my spouse then there where people cross the street taking pitchers of our home. My truck happened to get tampered with and takein by the state police. My spouse comes to me and tell me the people at the shelter tell her to set me up on charges they start a fight and I felt the mother was in on it me and the mother have been waring for coustody of my kids dss shelter starts a fight to justify the other on coustody then when that don't work they move in my home and start a fight. I also feel that they tried to start a fight with Linda hope then justify a order of protect then my spouse leaving me to believe she has something to do with me getting shot.

(Squire III Compl., ECF No. 1, ¶ II.) Although Plaintiff does not allege any injuries (id. ¶ II.A), for relief, he requests that someone "pay for my truck being tampered with, full coustody of my kids and payed for time in jail and payed for and pay for negligence from dss A hate crime pay for me being shot." (Id. ¶ III.)

## DISCUSSION

I. Plaintiff's *In Forma Pauperis* Applications are Granted

The Court finds that Plaintiff is qualified by his financial status to commence these three actions without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP applications in Squire I, Squire II, and Squire III are GRANTED.

5

II. <u>Legal Standards</u>

    A. <u>Consideration of the Complaint Under 28 U.S.C. §§ 1915, 1915A</u>

Section 1915 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). An action is frivolous as a matter of law when, <u>inter alia</u>, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." <u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir. 1998). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> 28 U.S.C. § 1915A; <u>Avant v. Miranda</u>, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally and to interpret them to raise the "strongest [claims] that they suggest." <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009). However, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual

6

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 557). Further, a pleading that only "tenders naked assertion[s] devoid of further factual enhancement" will not suffice. Id. at 678 (internal quotation marks and citation omitted). Consequently, a court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); Tawfik v. Georgatos, No. 20-CV-5832, 2021 WL 2953227, at *2 (E.D.N.Y. July 14, 2021) (Seybert, J.).

B. Rule 8 of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). However, the short and plain statement must be "sufficient to give the defendants fair notice of what the

7

plaintiff's claim is and the grounds upon which it rests." Jones v. Nat'l Commc'ns & Surveillance Networks, 266 F. App'x 31, 32 (2d Cir. 2008) (internal quotation marks and citations omitted).

Indeed, pleadings must give "'fair notice of what the plaintiff's claim is and the grounds upon which it rests'" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (quoting Conley v. Gibson, 335 U.S. 41, 47 (1957)), overruled in part on other grounds by Twombly, 550 U.S. at 544, 557 (a pleading that offers "labels and conclusion" or "naked assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8).

    C.    Section 1983

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under

8

the Constitution of the United States." Rodriguez v. Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (Seybert, J.) (internal quotation marks and citation omitted). Pursuant to New York Law, Section 1983 claims are governed by a three-year statute of limitations. See Wheeler v. Slanovec, No. 16-CV-9065, 2019 WL 2994193, at *5 (S.D.N.Y. July 9, 2019) (instructing that federal claims pursuant to Section 1983 are governed by the applicable state's statute of limitations for personal injury torts and that "federal courts in New York apply a three-year statute of limitations for personal injury actions to [Section] 1983 claims" (citations omitted)).

III. Application of 28 U.S.C. §§ 1915, 1915A

Applying these standards to Plaintiff's Complaints, even with the special solicitude afforded to pro se pleadings, it is readily apparent that Plaintiff's Section 1983 claims are not plausible for the reasons that follow.

A. State Action

As noted above, to state a plausible Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by a person acting under color of state law. Thus, private parties are generally not liable under Section 1983 because such liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." Nat'l Collegiate

9

Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) (citation omitted).

To the extent that Plaintiff seeks to impose Section 1983 liability upon Latife, New, Brooks, and Pathways, they are not alleged to be state actors; even affording the pro se Complaints a liberal construction, there are no facts upon which the Court can rely to reasonably conclude that these defendants are anything other than purely private parties. Accordingly, Plaintiff's Section 1983 claims against Latife, New, Brooks, and Pathways fail[3] and are, therefore, DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).[4]

B. Claims Against the First Precinct

"'[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity

---

[3] Although liability may be imposed under Section 1983 upon private individuals who are not state actors pursuant to a conspiracy or joint-actor theory, see Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002) ("a private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents" (internal quotation marks and citations omitted)), these exceptions are inapplicable given the factual allegations set forth in the Complaints.

[4] Further, it appears that Plaintiff's Section 1983 claims in Squire I and Squire III are well outside the three-year statute of limitations given that the challenged conduct is alleged to have occurred in 2013 and 2018, respectively. Plaintiff's Squire I Complaint was filed on March 27, 2023, and his Squire III Complaint was filed on March 30, 2023. However, the Court need not reach this issue given the substantive defects in his claims warranting dismissal.

separate and apart from the municipality and therefore, cannot sue or be sued.'" DeSouza v. 1st Precinct, No. 12-CV-0821, 2012 WL 956186, at *2 (E.D.N.Y. Mar. 14, 2012) (Seybert, J.) (quoting Davis v. Lynbrook Police Dep't, 224 F.Supp.2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department)); citing Carthew v. County of Suffolk, 709 F. Supp. 2d 188, 194 (E.D.N.Y. 2010) (holding Suffolk County police department is an administrative arm of the County and, thus, lacks the capacity to be sued)); Barreto v. Suffolk County, No. 10-CV-0028, 2010 WL 301949, at *2 (E.D.N.Y. Jan. 20, 2010) (Seybert, J.) (holding local police departments, such as the Suffolk County police department, are administrative arms of the County without the capacity to sue or be sued).

Here, the 1st Precinct is an arm of the municipality, Suffolk County, and thus lacks the capacity to be sued. Therefore, Plaintiff's claims against the 1st Precinct are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

C. Claims Against Suffolk County

It is well-established that a municipality, like the County, cannot be held liable under Section 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y. City, 436 U.S. 658, 691 (1978); Agosto v. N.Y.C. Dep't of Educ., 982 F.3d 86, 98 (2d Cir. 2020) ("Monell expressly prohibits respondeat

11

superior liability for municipalities" (citations omitted)). Rather, to state a claim against a municipality under Section 1983, "'the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom.'" Tafolla v. County of Suffolk, No. 17-CV-4897, 2021 WL 3675042, at *10 (E.D.N.Y. Aug. 19, 2021) (Seybert, J.) (quoting Littlejohn v. City of N.Y., 795 F.3d 297, 314 (2d Cir. 2015)). To establish the existence of a municipal policy or custom, the plaintiff must allege:

> (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread as to practically have the force of law or that was so manifest as to imply the constructive acquiescence of senior policy-making officials; or (4) that a policymaking official exhibited deliberate indifference to constitutional deprivations caused by subordinates.

Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *3 (E.D.N.Y. May 18, 2021) (Seybert, J.) (cleaned up).

Here, when liberally construing the Squire III Complaint, there are no factual allegations that a municipal policy or custom existed which caused the alleged constitutional deprivations of which Plaintiff complains. (See Squire III Compl. in toto.) Similarly, there are no allegations from which the Court

12

can reasonably construe a plausible Section 1983 claim against Suffolk County. Thus, Plaintiff's Section 1983 claims against Suffolk County are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Further, Plaintiff is GRANTED leave to file an Amended Complaint to address the pleading deficiencies identified herein regarding his claims against Suffolk County.

    D. Claims Against New York State

"Under the Eleventh Amendment, a state and its agencies are generally immune from suit in federal court." Williams v. N.Y.S. Off. of Mental Health, No. 10-CV-1022, 2014 WL 1311405, at *5 (E.D.N.Y. Mar. 31, 2014). Neither of the two exceptions to this rule, i.e., "an explicit and unequivocal waiver of immunity by a state or a similarly clear abrogation of the immunity by Congress," id., apply here. First, "Section 1983 does not abrogate the Eleventh Amendment immunity of the States." Id. Second, New York has not waived its immunity from suit. See Harrison v. New York, 95 F. Supp. 3d 293, 314 (E.D.N.Y. 2015) ("It is well established that New York State has not waived its sovereign immunity from Section 1983 claims." (internal quotation marks, and citation omitted)). Therefore, the State is entitled to Eleventh Amendment immunity from Plaintiff's Section 1983 claims. See, e.g., KM Enters., Inc. v. McDonald, 518 F. App'x 12, 13 (2d Cir. Apr. 30, 2013) ("As a general matter, states enjoy sovereign

13

immunity from suit in federal court, even if the claim arises under federal law." (citing U.S. Const. amend. XI)).

Moreover, New York State is not a "person" within in the meaning of Section 1983. See Carter v. New York, 316 F. Supp. 3d 660, 667 (S.D.N.Y. 2018) ("[U]nder Section 1983, states are not even considered "persons" subject to liability." (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.")). Accordingly, Plaintiff's Section 1983 claims against New York State are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

E. Claims Against Officer Corr

To state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. See Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). In Iqbal, the Supreme Court held that "[b]ecause vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be

14

dismissed. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names Officer Corr in the caption and in the "Defendants" section of the Squire II Complaint, there are no factual allegations against him. Indeed, even upon a liberal construction, there are no facts from which the Court can reasonably construe conduct or inaction attributable to Officer Corr. (See Squire II Compl., in toto.) Further, given that the relief sought by Plaintiff, i.e., his release from custody and having the charges against him dropped, is relief which Officer Corr cannot provide, Plaintiff's claims against Officer Corr must be dismissed.[5] See, e.g., Moultrie v. Wright, No. 21-CV-3925, 2021 WL 3372031, at *4 (S.D.N.Y. Aug. 3, 2021) (dismissing Section 1983 claims against police officers "because Plaintiff does not allege any facts showing that anything that [they] personally did or failed to do violated Plaintiff's rights"). Accordingly, Plaintiff's claims against Officer Corr are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b). Further, Plaintiff is GRANTED leave to file an Amended Complaint to address the pleading deficiencies identified herein regarding

---

[5] To the extent Plaintiff seeks to be released from custody and have the charges against him dropped, the Court is without authority to grant such relief in a Section 1983 civil action. The exclusive avenue to challenge the fact or duration of Plaintiff's custody is via a properly exhausted petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

15

his claims against Officer Corr.

IV. State Law Claims

Given the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims."). Plaintiff may pursue any valid state law claims that may be construed from these Complaints in state court.

V. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, see Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted. Given that the defects in Plaintiff's claims against Latife, New, Brooks, Pathways, the First Precinct, and New York State are substantive and could not be cured with

16

better pleading, leave to amend these claims is DENIED. Further, to the extent that Plaintiff seeks to be released from custody and to have the charges against him dropped, the Court is without authority to grant such relief in a civil action brought pursuant to Section 1983. As noted, the exclusive avenue to challenge the fact or duration of Plaintiff's custody is via a properly exhausted petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thus, leave to amend the Complaints to seek such relief is DENIED.

However, regarding his claims against Officer Corr and against Suffolk County, **Plaintiff is GRANTED leave to file Amended Complaints in accordance with the Federal Rules of Civil Procedure and the guidance set forth herein within 30 days from the date of this order.** Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear the same Docket Number as the originally filed Complaint. Further, because an Amended Complaint will completely replace the originally filed Complaint, it must include all factual allegations and claims that Plaintiff seeks to pursue in that case. For clarity: If Plaintiff seeks to amend his claims against Officer Corr, he must file an Amended Complaint in <u>Squire II</u>, Case No. 22-CV-2402, which will completely replace his original <u>Squire II</u> Complaint; and, if Plaintiff seeks to amend his claims against Suffolk County, he must file an Amended Complaint in <u>Squire III</u>, Case No. 22-CV-2491, which will completely

17

replace his original Squire III Complaint.

**PLAINTIFF IS WARNED that if he does not file any Amended Complaints within 30 days from the date of this Order, judgment will enter and those cases will be closed without further notice.**

CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP applications in Squire I, Squire II, and Squire III (ECF No. 2 in each case) are GRANTED; and

**IT IS FURTHER ORDERED** that Plaintiff's Section 1983 claims against Latife, New, Brooks, Pathways, the First Precinct, and New York State are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A for failure to state a claim upon which relief may be granted and as frivolous;[6] and Plaintiff's Section 1983 claims against Officer Corr and Suffolk County are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A for failure to state a claim upon which relief may be granted and as frivolous; and

**IT IS FURTHER ORDERED**, as a result, the Squire I Case, No. 22-CV-2401, is DISMISSED WITH PREJUDICE, and Judgment shall enter accordingly; and

---

[6] An action is deemed frivolous as a matter of law when, inter alia, it "lacks an arguable basis in law. . . ." Livingston, 141 F.3d at 437. Here, for the reasons set forth above, the Squire I, Squire II, and Squire III Complaints lack an arguable basis in law; thus, they are frivolous.

18

**IT IS FURTHER ORDERED** that **Plaintiff is GRANTED LEAVE TO FILE AMENDED COMPLAINTS in** Squire II **and** Squire III **only and in accordance with the guidance set forth above, within 30 days from the date of this Order. Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear the same case number as the originally filed Complaint,** i.e.**,** Squire II**, No. 23-CV-2402(JS)(ST), and/or** Squire III**, No. 23-CV-2491(JS)(ST).** Plaintiff is WARNED**: If an Amended Complaint is not filed within 30 days from the date of this Order, judgment will enter and the** Squire II **and/or** Squire III **cases will be closed**; and

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum & Order to the pro se Plaintiff and include the notation "Legal Mail" on the envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July 5, 2023
       Central Islip, New York